(22 Misc. Rep. 403.)

### KENT v. WEST et al.

(Supreme Court, Special Term, Onondaga County. January. 1898.)

1. INSANE PERSONS—JURISDICTION.
   That a county court has appointed a committee for and acquired jurisdiction of the person and property of a lunatic does not preclude the supreme court, in an action properly brought before it against the lunatic and his committee, from making an order opening a default judgment against the lunatic, and permitting his committee to appear for him in the action without an order first obtained from the county court.

2. DEFAULT JUDGMENT—OPENING.
   On a motion made to open a default judgment against a lunatic, and to permit his committee to appear and plead in his behalf, it is not requisite, in the absence of laches, that the moving papers show that the lunatic has a good defense to plaintiff's cause of action.

Action by Charles S. Kent against Asa K. West and others. Motion by Isaac S. West, as committee of Asa K. West, to open a default, and for permission to plead as committee of such Asa K. West. Granted.

W. S. Jenney, for the motion.
Wilson & Cobb, opposed.

McLENNAN, J. This action is brought to recover for legal services alleged to have been rendered by the plaintiff for and on behalf of the defendants. Asa K. West is, and for many years past has been, an incompetent person, and confined in an asylum for the insane in the state of Massachusetts. The defendant Isaac S. West was duly appointed guardian of Asa K. West under the laws of the state of Massachusetts, and is now acting as such in that state. On the 6th day of July, 1893, at the instance of the plaintiff, Isaac S. West was appointed the committee of the person and property of Asa K. West by the county court of Erie county. He duly qualified, and is now acting as such committee. Thereafter, and on the 24th day of April, 1896, the plaintiff presented his petition to the Erie county court, praying for an order directing Isaac S. West, as such

committee, to pay plaintiff's alleged claim against the lunatic, Asa K. West. The Erie county court refused such order, but made an order authorizing the plaintiff to bring an action in the supreme court against the lunatic, Asa K. West, and Isaac S. West as committee, to recover said claim. In September, 1896, such action was brought, and the venue was laid in the county of Onondaga, and is the action above entitled. Service of the summons and complaint was made upon the lunatic by publication. He did not and could not appear or plead in said action, and made default. Isaac S. West, as committee, was duly served, and as such appeared, and demurred to plaintiff's complaint, which demurrer was sustained. The defendant George F. West, who was also made a party to said action, was duly served, and has personally appeared therein. Soon after the service of the summons and complaint upon the lunatic, Isaac S. West, as committee, made a motion at a special term of the supreme court to restrain the prosecution of this action as against the lunatic, Asa K. West, on the ground that it was unauthorized, and to punish the plaintiff as for contempt for having brought such action personally against the lunatic, Asa K. West. The motion, after hearing all parties, was denied by the court at special term, and an appeal was taken to the appellate division of the supreme court, Fourth department, and the order of the special term was affirmed by that court. 44 N. Y. Supp. 901. From that decision an appeal was taken to the court of appeals, and a short time before this motion was made the court of appeals handed down its decision, affirming the order made by the appellate division, and holding, in substance, that this action, brought against the lunatic personally, was properly brought in the supreme court, and could be there prosecuted to final judgment. 49 N. E. 1099. No judgment has been entered in this action by the plaintiff against the lunatic, and the question of laches in making this motion is not raised. The motion is opposed upon the ground that the supreme court has not jurisdiction to make the order asked for; that because the county court of Erie county appointed the committee of the lunatic, and thereby acquired jurisdiction of his person and property, such jurisdiction is exclusive, and the supreme court is powerless to direct how, or in what manner, an action properly brought in such court against such lunatic shall be prosecuted.

From the papers presented it would seem quite clear that to properly protect the interests of the lunatic in this action it is necessary that he should appear in the action, and at least by answer submit his rights to the court, the same as in the case of an infant. If such be the case, must the supreme court invite some other tribunal to make the order necessary for the protection of the lunatic's interests, and, in case of refusal by such other tribunal, proceed to render a judgment which would be inequitable and unjust? I think there is no authority for such a proposition. Not only so, but the court, upon its own motion, would clearly have the right, and it would be its duty, in such case, to direct the committee to make appearance for the lunatic, and by answer raise such issues as might be necessary to properly protect the interests of the lunatic. The Erie county

court having acquired jurisdiction of the person and property of the lunatic, the supreme court is precluded from interfering, except in so far as it may be necessary for the proper conduct of an action properly brought and pending in that court. In the prosecution of such an action, at every step from its commencement by the service of summons until final judgment is rendered, the supreme court has jurisdiction to make any and all orders necessary to protect the interests of the lunatic. None of the numerous authorities cited by plaintiff's counsel are in conflict with that proposition, so far as I have been able to discover.

It is also urged that the default ought not to be opened, because the moving papers do not show that the lunatic has a good defense to the plaintiff's cause of action. As before said, no laches are alleged. The lunatic does not appear or plead. He may or he may not have a defense to the alleged cause of action. He does not know, and cannot tell. Under such circumstances it would seem to be proper that the plaintiff should at least be required to prove the material allegations of his complaint, and that the committee should not only be permitted, but required, to put the lunatic in such position before the court as to compel the plaintiff to fully present the facts of the case to the court. Upon the facts I conclude that the default of the lunatic, Asa K. West, should be opened, and that Isaac S. West, as committee, should be permitted to appear for him in this action, and to plead to the plaintiff's complaint as he may be advised.

Ordered accordingly.